IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN C. ETTER, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

ALLSTATE INSURANCE COMPANY, *et al.*,

    Defendants.

No. C 17-00184 WHA

**ORDER DENYING LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION AND GRANTING MOTION TO CONTINUE DEADLINE**

    Defendants move for leave to file a motion for partial reconsideration of the class certification order dated December 26, 2017 (Dkt. Nos. 75, 77). This motion is frivolous. Defendants base their motion on Civil Local Rule 7-9(b)(3), which requires a motion for leave to file a motion for reconsideration to show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil Local Rule 7-9(c) further provides, "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." Defendants advance three arguments in support of their motion. None warrant reconsideration of the class certification order.

*First*, defendants contend the class certification order improperly relied on Biggerstaff's rebuttal report to explain away twelve discrepancies between Odiase 2212 and the target list for the 2016 fax even though defendants never had a fair opportunity to respond to that explanation (*see* Dkt. Nos. 75 at 3–9, 77 at 3–4). Defendants, however, *did* address the issue of the twelve discrepancies, as well as plaintiff's overall theory that Odiase 2212 is the target list, in both briefing and oral argument (*see* Dkt. Nos. 64 at 9, 23; 72 at 9:7–16:7). Moreover, defendants themselves admitted that the twelve fax numbers missing from Odiase 2212 did not appear on *any* list (*see* Dkt. No. 73 at 10–11). In the Court's view, as explained in both oral argument and the class certification order, this indicated that the twelve discrepancies were simply data-entry transpositions or similar mistakes and Odiase 2212 could very well be the target list (*see, e.g.*, Dkt. No. 72 at 14:18–16:2).

In other words, what defendants repeatedly characterized as "no evidence" of a target list was actually just evidence that defendants disagreed with. Both sides debated this issue in both briefing and oral argument and the Court reached its conclusion based on their arguments and its own assessment of the record, not in reliance on Biggerstaff's rebuttal report. Indeed, as defendants themselves point out, the Court's conclusion did not merely track Biggerstaff's analysis (*see* Dkt. No. 75 at 5–6). That Biggerstaff's rebuttal report also addressed the same issue is of no moment. The class certification order would have reached the same conclusion whether or not the motion record had included that report. In short, the class certification order's rejection of defendants' objection to the report was not "[a] manifest failure by the Court to consider material facts or dispositive legal arguments" as required by Civil Local Rule 7-9(b)(3).

*Second*, defendants contend the class certification order did not balance the costs and benefits of class adjudication or consider the difficulties in managing a class action, but found superiority and manageability based solely on the observation that defendants should not benefit from their poor recordkeeping by dodging a class action on that basis (*id.* at 9–12; Dkt. No. 77 at 4). This misstates the class certification order, which made that observation as just one of several reasons — *not* the sole or even the main reason — why our case does not require actual fax logs to adjudicate on a class-wide basis and in a manageable fashion (with the caveat that, as

2

the Court explained in oral argument, the class will be decertified if the litigation "turns out to be unmanageable" as it progresses (*see* Dkt. No. 72 at 28:10–12)). Moreover, in both the class certification order and oral argument, the Court already considered and rejected defendants' arguments that individualized proof would be necessary and would render this action unmanageable on a class-wide basis (*see* Dkt. No. 73 at 8, 10–11; *see also* Dkt. No. 72 at 25:12–26:12). The instant motion is not an appropriate vehicle for defendants to rehash those arguments. Nor has it shown "[a] manifest failure by the Court to consider material facts or dispositive legal arguments" as required by Civil Local Rule 7-9(b)(3).

*Third*, defendants contend the class certification order erred in holding that they bear the burden of proving prior express permission (Dkt. Nos. 75 at 13–16; 77 at 4–5). The class certification order reached that conclusion in reliance on *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 & n.3 (9th Cir. 2017), a recent binding decision by our court of appeals. In the instant motion, defendants argue that *Van Patten* is inapplicable because it involved unlawful calls or texts, not faxes. This purported distinction never came up in briefing, was alluded to only briefly by defense counsel in oral argument (*see* Dkt. No. 72 at 21:10–13), and is in any event unpersuasive. Defendants cite no authority for the proposition that *Van Patten* intended its holding to be so limited. The plain language of *Van Patten* suggests no such distinction. *See id.* at 1044 n.3 ("We think it plain from the statutory language that prior express consent is an affirmative defense, not an element of a TCPA claim."). Nor does any such distinction appear in the statutory language considered by *Van Patten*. *See id.* at 1041 (citing 47 U.S.C. § 227(b)(1)(C), which makes it "unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement"). And, tellingly, defendants themselves attempted to counter *Van Patten* with *Fields v. Mobile Messengers Am., Inc.*, No. C 12–05160, 2013 WL 6073426 (N.D. Cal. Nov. 18, 2013), which *also* involved unlawful texts as opposed to faxes (*see* Dkt. Nos. 64 at 2, 10, 14–16; 72 at 21:10–16). Defendants' attempt to distinguish *Van Patten* rings particularly hollow given their heavy reliance on *Fields*.

3

Defendants add that even if they bear the burden of proving prior express permission, plaintiff still needed a common method of proof to obtain class certification that would not devolve into individualized inquiries (Dkt. Nos. 75 at 16–18; 77 at 5). This merely rehashes arguments the Court previously considered and rejected in both the class certification order and oral argument (*see* Dkt. Nos. 72 at 22:12–23, 73 at 8). It does not justify a motion for reconsideration under Civil Local Rule 7-9. In short, defendants have not shown "[a] manifest failure by the Court to consider material facts or dispositive legal arguments" as required by Civil Local Rule 7-9(b)(3). Leave to file a motion for reconsideration of the class certification order is therefore **DENIED**.

\* \* \*

Defendants separately move to continue the deadline to distribute class notice from January 25 to February 23 (Dkt. No. 78). That motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4