# WILSON TURNER KOSMO LLP
### ATTORNEYS AT LAW

550 WEST "C" STREET, SUITE 1050
SAN DIEGO, CALIFORNIA 92101-3532

| TELEPHONE | www.wilsonturnerkosmo.com | FACSIMILE |
|---|---|---|
| (619) 236-9600 | mmaneker@wilsonturnerkosmo.com | (619) 236-9669 |

February 20, 2018

**VIA ECF**

The Honorable William Alsup
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 12, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

   Re: *John Etter v. Allstate Insurance Company, et al.,* Case No. 17-CV-00184-WHA

Dear Judge Alsup:

  Pursuant to the Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, Allstate Insurance Company; Allstate Indemnity Company; Allstate Property And Casualty Insurance Company; Allstate North Brook Indemnity Company; and Allstate Insurance Company Of California (collectively, "Allstate") hereby submits this formal request for discovery relief. Allstate seeks an order compelling Plaintiff John C. Etter ("Plaintiff") to promptly produce documents responsive to Allstate's Third Set of Requests for Production Nos. 53-55 ("RFPs"), in particular any recordings of telephone calls to Plaintiff's business. These recordings are directly relevant to a key issue in this case, whether Plaintiff provided prior express permission to send the 2016 fax. The request for recordings is also proportional to the needs of the case as the recordings are easily accessible and shareable through an online website to which Plaintiff has exclusive access, as explained in more detail below. *See* Fed. R. Civ. P. 26(b)(1).

  Allstate's RFPs are attached hereto as Exhibit 1, and Plaintiff's Responses and Objections to the RFPs are attached hereto as Exhibit 2. In addition, pertinent portions from the transcripts of the depositions of Plaintiff and his wife, Shelly Etter, are attached hereto as Exhibits 3 and 4, respectively.

  On February 8, 2018, Allstate sent a letter via e-mail to Plaintiff's Counsel explaining its position and requesting Plaintiff supplement his production by producing the requested recordings. (Ex. 5.) On February 14, 2018, Allstate's attorneys, Meryl Maneker and Kirsten Gallacher, met and conferred by telephone with Plaintiff's Counsel, Ryan Kelly. Mr. Kelly indicated that certain recordings may include privileged attorney-client communications; however counsel for Allstate clarified that Allstate is not seeking production of any privileged communications. On February 16, 2018, Plaintiff's Counsel sent a letter in response indicating that Plaintiff stands on its objections. As discovery in this case closes in less than two weeks, Allstate is filing the instant letter seeking discovery relief as set forth below.

**WILSON TURNER KOSMO** LLP

February 20, 2018
Page 2

At issue in this dispute is the production of Plaintiff's recordings of incoming telephone calls. Plaintiff testified during his deposition that it was his business practice and procedure to record incoming telephone calls to his business telephone line as these recordings are used, for example, "if [they] need to go back and see what somebody said" or if a dispute arises regarding an appointment. (Ex. 3, Plaintiff Depo., at 64:17-22; 66:4-5). After learning of the existence of these recordings, Allstate served its Third Set of RFPs on October 12, 2017, requesting production of recordings of telephone calls and conversations that Plaintiff made in connection with his business telephone line. (*See* Ex. 1.)

In response, Plaintiff lodged blanket objections based on relevance and proportionality. (Ex. 2.) Specifically, Plaintiff objected that "the time and expense incurred in gathering the information is grossly disproportionate to the probative value, if any of the requested information." (*See id.*)

However, since Plaintiff served his objections, it has become readily apparent that minimal time and expense are required to access the recordings. Indeed, Mr. Kelly confirmed during the telephonic meet and confer on February 14 that the recordings are in his possession. Moreover, Shelly Etter testified during her deposition on January 23, 2018 that the recordings are made and maintained by a third party vendor, Callcap. She also testified that recordings dating back to December 22, 2015 can be retrieved from the Callcap website. (Ex. 4, Shelly Etter Depo. at 104.) According to Mrs. Etter, upon entering a username and password, the Callcap website provides access to the call recordings associated with the Etters' business line, and the user can listen to these recordings by simply pushing a button. (*Id.* at 68–69.) In fact, Mrs. Etter accessed the recordings on the Callcap website *during her deposition*, demonstrating that there is minimal time and expense to Plaintiff in gathering the requested information. (*Id*. at 104:3-5.)[1]

Mrs. Etter also confirmed that the call recordings can be downloaded from the website, and the recordings can be shared via e-mail. (*Id.* at 70.) Mrs. Etter further testified that the recordings can be searched by telephone number. (*Id.* at 104:15-18.) Though Mrs. Etter was not aware of the specific format of the downloads, the Callcap website indicates that recorded calls are stored as MP3 files and "are stored in the cloud, so they're accessible from any internet-enabled computer, tablet, or smartphone." (Ex. 7.) The website also makes clear that the recordings are "shareable, so you can quickly send calls to team members." (*Id.*) It is clear from Mrs. Etter's testimony that there will be minimal, if any, time or expense to Plaintiff to provide Allstate access to these recordings. Accordingly, Plaintiff's objections based on purported time and expense in gathering this information have no merit.

Moreover, the requested recordings of telephone calls received by Plaintiff's business are directly relevant and highly probative to a key issue in this case—whether Plaintiff provided prior express permission to send the fax at issue. Plaintiff's theory appears to be that the 2016

---

[1] Allstate has also subpoenaed records directly from Callcap. The third-party subpoena to Callcap does not relieve Plaintiff of his discovery obligations, though Plaintiff's production of the requested documents may impact the scope and need for third-party discovery.

**WILSON TURNER KOSMO** LLP

February 20, 2018
Page 3

fax was unsolicited because neither he, nor any of his employees, provided permission to Defendant Louis Odiase ("Odiase") to send the fax.  Specifically, Plaintiff testified during deposition that it is not possible—"there is *no way*"—that one of his employees could have given Odiase permission to send a fax because his employees "never" give out phone numbers and have "never" given permission for faxes to be sent. (Ex. 3, Plaintiff Depo. at 43–47, emphasis added).  Plaintiff also acknowledged that these recordings are used, for example, "if [they] need to go back and see what somebody said" or if a dispute arises regarding an appointment. (Ex. 3, Plaintiff Depo., at 64:17-22; 66:4-5).  The requested discovery is important to this litigation for the same reasons.  The recordings are direct evidence that may contradict Plaintiff's theory that his employees "never" give out phone or fax numbers, and thus could not have provided permission to Odiase for the 2016 fax.

Finally, to the extent Plaintiff objects based on attorney-client privilege, this is not a proper basis to withhold production of the recordings altogether.  Mrs. Etter confirmed during her deposition that the recordings can be searched by telephone number. (Ex. 4, Shelly Etter Depo. at 104:8–9).  As the recordings are in Plaintiff's Counsel's possession, he can search the recordings by telephone number and withhold any privileged recordings, identified on a proper privilege log.

In short, the requested recordings are relevant to a key issue in this case, prior express permission.  The requested information is also proportional to the needs of the case, considering the highly probative value of the information, the minimal time and expense, if any, to Plaintiff to produce, and Plaintiff's exclusive access to this information.  In addition, the amount in controversy also supports the production of this information, as Plaintiff represents a certified class of alleged fax recipients in which he has claimed the potential damages are in excess of $26 million.

For these reasons, Allstate respectfully requests that the Court enter an order requiring Plaintiff to either produce the call recordings in his possession, custody, or control, or provide Allstate prompt access to the recordings maintained on the Callcap.com website.

Sincerely,

*/s/ Meryl C. Maneker*
Meryl C. Maneker
Counsel for Allstate Defendants
Allstate Insurance Company
Allstate Indemnity Company,
Allstate Property And Casualty Insurance Company
Allstate North Brook Indemnity Company
Allstate Insurance Company Of California

3

Case No. 17-CV-00184-WHA