# ANDERSON + WANCA
### ATTORNEYS AT LAW

---

3701 ALGONQUIN ROAD, SUITE 500, ROLLING MEADOWS, IL  60008
TEL:  (847) 368-1500  *  FAX:  (847) 368-1501
EMAIL:  BUSLIT@ANDERSONWANCA.COM

February 23, 2018

**VIA ECF**

The Honorable William Alsup
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 12, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

      Re:    *John Etter v. Allstate Insurance Company, et al.*
              Docket No. 17-CV-00184-WHA

Dear Judge Alsup:

      This discovery dispute involves Plaintiff's responses to the Third Set of Requests for Production Nos. 53-55 submitted by the Allstate Defendants ("Allstate").  With these requests, Allstate seeks **all** recorded phone calls and related documents that Plaintiff has in connection with his company, Reliable Plumbing.  (Emphasis added).  As part of Plaintiff's business practice, Plaintiff uses the services of SITA Laboratories, Inc, dba CallCap, to record incoming telephone calls to his business telephone line.  CallCap stores these recordings for Plaintiff.  Allstate argues that all of these recordings are necessary to demonstrate that Defendant Louis Odiase ("Odiase") sought and received prior express permission from Plaintiff to send the fax at issue.  In an attempt to resolve this dispute, Plaintiff has offered to search for Odiase's number in the records and provide Allstate with any recordings it has with respect to Odiase.  Allstate has declined this offer.  As demonstrated below, Allstate's request for all recordings of all other incoming calls is excessive, and not relevant in determining whether Odiase called Plaintiff to seek permission.

      It is well-settled that the party seeking to compel discovery has the burden of establishing that the request satisfies the relevance requirement of Federal Rule of Civil Procedure 26.  *Ronquillo-Griffin v. Transunion Rental Screening Solutions, Inc.*, 2018 WL 325051, at *2 (S.D. Cal. Jan. 8, 2018).  In addition to relevancy, "the discovery requested must also be proportional to the needs of the case."  *Santiago v. Geo Group, Inc.,* 2017 WL 6509228, at * 2 (C.D. Cal. Dec. 12, 2017) (citations omitted).  While the scope of discovery under the Federal Rules is broad, it does not allow a party to engage in a fishing expedition.  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

Hon. William Alsup
February 23, 2018
Page 2 of 3

Here, Allstate repeatedly argues that the recordings of calls with parties other than Odiase are relevant to demonstrate whether Odiase had prior express permission to send the fax advertisement. Plaintiff agrees that any recordings of Odiase would be relevant and has offered to search for and produce the same. What Allstate cannot plausibly argue is how any other recordings of conversations kept by Plaintiff with its customers, which are entirely unrelated to this litigation, have any bearing on whether Odiase received express permission to send fax advertisements to Plaintiff. They do not. As argued in Plaintiff's Motion for Class Certification, under the TCPA, "the burden of proof rests on the sender to demonstrate prior express invitation or permission." 2006 Order, 21 FCC Rcd. at 3812, ¶ 46. The standard of proof is "clear and convincing evidence," *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 318 F.R.D. 712, 722 (N.D. Ill. Sept. 27, 2016) (quoting 2006 Order ¶ 36), which is the intermediate standard between "preponderance of evidence" and "beyond a reasonable doubt," *Mondaca-Vega v. Holder*, 718 F.3d 1075, 1082 (9th Cir. 2013). Recordings of telephone calls from individuals other than Odiase have no bearing upon the question and thus, cannot be used to address that burden. It directly follows, therefore, that the other calls are entirely irrelevant.

Additionally, such a broad request is far from proportional to the needs of the case. Currently, there are 21,265 recordings dating back to January 23, 2016. Based on this incredible volume, and contrary to Allstate's assertion, the time and expense for Plaintiff and his attorneys to listen to the recordings in order to assess whether any privilege or confidential information is contained would be substantial. Such an undertaking would also be wasteful, since Odiase's alleged call is the only one with any possible relevance to the issues in this case.

More importantly, Allstate's entire premise for this overly broad discovery is unsubstantiated and misplaced. Allstate seeks to sift through Plaintiff's voluminous business recordings based on the mere possibility that Plaintiff provided its fax number to other business entities, with no connection to this litigation, during the course of those conversations. Allstate has no factual basis to support its premise, nor does it give any reason to support its massive intrusion into Plaintiff's business dealings. The mere fact that Plaintiff may have provided its fax number to some other person does not equate to providing permission to that person to send fax advertisements. The FCC has consistently ruled for over 20 years that the TCPA does not "equate mere distribution or publication" of a fax number with prior express invitation or permission. *In re Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12408 (Aug. 7, 1995) ("1995 Order"). The FCC states the recipient must "understand that by providing a fax number, he or she is agreeing to receive faxed advertisements," as opposed to other communications. *In re Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 193 (July 3, 2003) ("2003 Order"). If the sender obtains permission in an application, for example, the sender must "include a clear statement indicating that, by providing such fax number, the individual or business agrees to receive facsimile advertisements from that company or organization." 2006 Order ¶ 45. Allstate has offered no facts to demonstrate

Case No. 17-CV-00184-WHA

Hon. William Alsup
February 23, 2018
Page 3 of 3

that Odiase received such permission or support such an overly broad and intrusive discovery request.

Finally, the information Allstate seeks can be obtained from Odiase. Odiase is free to search his own telephone records to determine whether he called Plaintiff. The fact that neither Odiase nor Allstate discuss such a search lays bare to what Allstate's discovery requests here truly are – an impermissible fishing expedition. Accordingly, Allstate's request for an order compelling such production should be denied.

    Very truly yours,

    ANDERSON + WANCA

    s/ Ryan M. Kelly
    Ryan M. Kelly
    Counsel for Plaintiff

Case No. 17-CV-00184-WHA