IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. ETTER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 17-00184 WHA<br><br>**ORDER ON OBJECTION RE DISTRIBUTION OF NOTICE** |

     A prior order dated February 12 suggested that the parties' joint proposed notice of pending class action "should be distributed by *both* U.S. First Class mail *and* facsimile transmission, the latter to each of the facsimile numbers to which — according to either side — the facsimile advertisement in question was transmitted in October 2016" (Dkt. No. 82). In response, defendants reiterate their position that it is "impossible to identify the numbers to which [the] October 2016 facsimile was transmitted . . . and Plaintiff's expert's proposed method to identify the recipients . . . is flawed" (Dkt. No. 88 at 1) — an argument previously rejected at the class certification stage (*see* Dkt. No. 73). Despite offering no proposal of their own, defendants also object to plaintiff's proposal to distribute notice to a list compiled from Odiase 2212, the source list for the October 2016 facsimile, modified to correct a purported error in alignment between addresses and fax numbers on the spreadsheet (Dkt. No. 88 at 2).

Defendants' argument seems to be that Odiase 2212 must be used in its raw form to distribute notice because "the names and addresses listed on Odiase 2212 were the basis for the court's certification order" (*see ibid.*). This overstates the class certification order, which merely noted that "a reliable method of identifying individual class members even in the absence of detailed fax logs" remained possible. By way of *example*, the order described how plaintiff deduced a list of unique fax numbers supposedly representing successful transmissions of the October 2016 fax by comparing Odiase 2212 to the exception report for that fax (*see* Dkt. No. 73 at 10). This reasoning in no way hinged on plaintiff using Odiase 2212 only in its raw form to define the class. If anything, it indicated the opposite — that plaintiff could use Odiase 2212, in combination with other sources of information, to *deduce* the fax numbers of class members. Insofar as defendants suggest the class should be defined by Odiase 2212, they could have made this argument at the class certification stage but failed to do so. It will not be considered now.

Nor do defendants actually challenge plaintiff's theory that Odiase 2212 requires some analysis — for example, removing duplicate entries and entries that overlap with the exception report — to accurately reflect the universe of recipients that plaintiff contends received the October 2016 fax. Instead, defendants simply argue that they have "not had an opportunity to confirm the existence of any error in 'alignment' and [do] not know if the 're-aligned' addresses and fax numbers are correct" (Dkt. No. 88 at 2). As plaintiff points out, however, it should be easy for defendants to analyze the proposed "realignment" themselves (Dkt. No. 95 at 3) and either offer substantive reasons why plaintiff's proposed list would not accurately reflect the represented class or stop objecting for the sake of objecting.

Defendants' objection is **OVERRULED**. Since they remain agnostic regarding recipients of the October 2016 facsimile, plaintiff's proposed list will be used to distribute notice.

**IT IS SO ORDERED.**

Dated: February 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE