# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. ETTER, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE NORTH BROOK INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY OF CALIFORNIA, LOUIS ODAISE and JOHN DOES 1-5,<br><br>Defendants. | Case No. 17-CV-00184-WHA<br><br>[~~PROPOSED~~] ORDER REGARDING ALLSTATE'S REQUEST FOR PRODUCTION OF RECORDED CALLS<br><br>District Judge:  Hon. William Alsup<br>Courtroom:      12, 19th Floor<br>Complaint Filed: January 13, 2017<br>Trial Date:     June 4, 2018<br><br>Hearing:        February 26, 2018<br>Time:           11:00 a.m. |

# ORDER

Pursuant to the Order Setting Hearing Re Defendants' Discovery Dispute (Dkt. No. 97), the parties conducted a meet-and-confer in the Court's jury room on February 26, 2018 from 9:00 a.m. to 11:00 a.m., following which the Court conducted a hearing. Ryan Kelly appeared on behalf of Plaintiff; Meryl Maneker and Kirsten Gallacher appeared on behalf of the Allstate Defendants; and Brandon Kahoush and Gina Huettel appeared on behalf of Defendant Odiase.

IT IS HEREBY ORDERED:

1. Plaintiff shall produce all recorded calls from January 2016 to October 10, 2016, except for those calls subject to attorney-client privilege. Plaintiff will complete this production and provide the requisite privilege log by March 12, 2018.

2. Plaintiff's Counsel will conduct a privilege review of all calls recorded from January 2016 to October 10, 2016. As set forth in the hearing, the actual time spent to conduct this review will be paid by Allstate subject to a maximum of 12 hours in attorney time at a billing rate for Mr. Kelly of $600 per hour. Only costs for time actually used is recoverable, and Plaintiff's Counsel must keep adequate records to justify any time billed.

3. At the time of production, Plaintiff must provide a privilege log identifying any call withheld on grounds that it is subject to a claim of attorney-client privilege. The privilege log must comply with Federal Rule of Civil Procedure 26(b)(5) and paragraph 18 of this Court's Supplemental Order To Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup.

4. In the event that a recorded call subject to a claim of attorney-client privilege is inadvertently produced by Plaintiff, Allstate will immediately stop listening and promptly notify Plaintiff's Counsel. Allstate will further return or destroy the privileged call in accordance with instructions from Plaintiff's Counsel.

5. Following Plaintiff's production of the calls and upon Allstate's review of the production, Allstate will identify to Plaintiff any calls from Defendant Odiase.

6. The third-party subpoena for records served by Allstate on SITA Laboratories dba Callcap is on hold until production of the recordings from Plaintiff. Allstate confirms that Callcap has been notified of this status.

7. Plaintiff's Motion to Quash Allstate's Subpoena to Callcap (Dkt. No. 98) is also stayed, and no further briefing is necessary, until further order of this Court, to follow Plaintiff's production of the calls in accordance with this Order.

IT IS SO ORDERED.

Dated: February 28, 2018.

_____
Honorable William Alsup
U.S. District Court Judge