**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN C. ETTER, individually and as the representative of a class of similarly situated persons,<br>                      Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE NORTH BROOK INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY OF CALIFORNIA, LOUIS ODIASE and JOHN DOES 1-5,<br>                      Defendants. | Case No. 17-CV-00184-WHA |

**NOTICE OF CLASS ACTION SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO RECEIVE MONEY.**

To: All persons or entities successfully sent a facsimile on or about October 11, 2016, stating, "potentially save **40-60%** off your Commercial auto insurance," "fill out the form below" and "FAX YOUR REQUEST TO: 510-234-0518, TEL 510-234-0516, OR EMAIL: A026315@ALLSTATE.COM," and "If you wish to be removed from our Fax list, please call 888-828-3086" (the "Class").

### A. WHY ARE YOU RECEIVING THIS NOTICE?

You are receiving this Notice because you are potentially a member of the Class (defined above). Your name and contact information (including your fax number) were identified in discovery in the lawsuit. This notice informs you about settlement of this pending lawsuit, that you may be a member of the Class, and that you have certain rights to object to the settlement. Defendants claim that Defendant Louis Odiase had prior express invitation or permission to send faxes to Class members and/or had an established business relationship with Class members. The Allstate Defendants claim that Defendant Odiase did not advise them of his fax advertising, that Odiase is an independent contractor, that the Allstate Defendants are not responsible for his actions and that his fax advertising was contrary to written company policy. This Notice is not an expression by the Court about the merits of the case.

### B. WHAT IS THIS LAWSUIT ABOUT?

In the lawsuit, Plaintiff claims that Defendants violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), by faxing 17,432 copies of an unsolicited advertisement to 15,286 members of the Class without their prior express invitation or permission and/or without specific opt-out language Plaintiff contends was required. Plaintiff seeks money damages for every Class member. The Court certified the case as a class action so that the claims about Defendants' fax sent on or about October 11, 2016 can be resolved class-wide in this single lawsuit. The Court's decision to certify the class as a class action did not decide any of the merits of the case. This description of the case is general and does not cover all the issues or proceedings. You previously received a notice that the Court certified the Class defined above and were given an opportunity to opt out or exclude yourself from the Class.

### C. WHAT IS THE PROPOSED SETTLEMENT?

Without admitting any fault or liability and in exchange for a release of all claims regarding the October 11, 2016 fax advertisement, Defendants have agreed to pay a total of $6,533,250.00 to create a non-reversionary

settlement fund (the "Settlement Fund"). The Settlement Fund shall be available to pay each Class member who has not previously opted out their pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, settlement administration costs, and an incentive award to the Class Plaintiff set by the Court. Plaintiff will seek to recover litigation expenses of approximately $145,619, and will ask the Court to approve settlement administration costs, to be paid to the Settlement Administrator, in the amount of approximately $53,415 (which is included in above litigation expense figure), and an incentive award of $7,500.00 to Plaintiff for his time and efforts spent in responding to written discovery, sitting for deposition and attending mediations which resulted in obtaining this settlement on behalf of the Class.  The incentive award sought amounts to less than 50¢ per Class member and 1/10 of 1% of the total recovery.  Class Counsel will petition the Court for an award of attorneys' fees of 30% of the Settlement Fund ($1,959,975.00), which is reasonable and within or below the range courts have awarded in similar class actions.  The above expenses, costs, incentive award and fees combined represent approximately 32% of the Settlement Fund. The anticipated net amount expected to be distributed to each Class member is $254 per fax.  Final approval and a determination of an incentive award, attorneys' fees, settlement administration costs, and expenses are subject to a fairness hearing that will occur on <u>October 25, 2018</u> at US District Court, Northern District of California, 450 Golden Gate Avenue, Rm 12 – 19th Floor, San Francisco, CA 94102 at 12:00 p.m.

### D.  <u>WHO REPRESENTS THE CLASS?</u>

The Court previously appointed Plaintiff (John C. Etter) as the class representative, and appointed the following Plaintiff's attorneys as Class Counsel:

| Anderson + Wanca | Schubert Jonckheer & Kolbe LLP |
|---|---|
| 3701 Algonquin Rd., Ste. 500 | Three Embarcadero Center, Suite 1650 |
| Rolling Meadows, IL 60008 | San Francisco, CA  94111 |

   Plaintiff will petition the Court for an incentive award, attorneys' fees, litigation expenses and costs of settlement administration to be paid out of or from the Settlement Fund.

### E. <u>WHAT ARE YOUR OPTIONS?</u>

You can object to the settlement since you did not previously opt out or exclude yourself form the class. You can discuss your choice with Class Counsel or your own attorney.

   **1.** **<u>Do Nothing</u>.**  If you do nothing, you will be bound by the judgment in the case and you will release your claims against Defendants arising from the October 11, 2016 fax advertisement in exchange for the check you will receive for your pro rata share of the Settlement Fund, less attorneys' fees, litigation expenses, including settlement administration and incentive award set by the Court.

   **2.** **<u>Object to the settlement in writing.</u>** If you object to the settlement, you can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen you must object.   You must submit your objection in writing to the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.  Your objection must be postmarked by or filed in person by<u>   <45 days after Notice Date>   </u>.

   Any written objection and supporting papers must identify the case name and number (Etter v. Allstate, Case No. 17-cv-0184) and must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Class. It is not enough to say that you object; you must state the reasons why you believe the Court should not approve the settlement.  You may also appear in person or through your own attorney at the final approval hearing before Judge William H. Alsup in Courtroom 12 – 19th

Floor at 450 Golden Gate Avenue, San Francisco, CA 94102 on October 25, 2018 at 12:00 p.m.  If you appear through your own attorney, you are responsible for paying that attorney.

F. **WHEN WILLL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing on October 25, 2018 at 12:00 p.m., in Room 12 – 19th Floor of the United States    District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 and hear any timely and properly-filed objections and arguments about the settlement.  You are **not** required to attend this hearing unless you objected to the settlement.  The fairness hearing may be continued to a future date by order of the court without further notice. You can check the settlement website or the Court's PACER site to confirm that the date has not been changed.

G.  **WHERE CAN YOU GET MORE INFORMATION?** If you have questions about this Notice or about the settlement, write to attorney Ryan M. Kelly of Anderson + Wanca at the address listed above.  Include the case number, your name, your fax number, and your current street address on any correspondence.  Alternatively, you can call Mr. Kelly's office at 1-855-827-2329.  You can review the complaint and settlement documents at Odiase-AllstateTCPAsettlement.com.  This Notice only summarized the litigation and the settlement.  The Court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 (Monday through Friday, 9:00 a.m. – 4:00 p.m.) or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**Para ver este aviso legal en espanol favor de accesar este sitio:
WWW.ODIASE-ALLSTATETCPASETTLEMENT.COM**


**BY ORDER OF THE COURT
HONORABLE WILLIAM H. ALSUP**