IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. ETTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>Defendant. | No. C 17-00184 WHA<br><br>**ORDER RE ATTORNEY'S FEES AND COSTS** |

Class counsel seek attorney's fees in the amount of $1,959,975.00, as well as reimbursement for litigation expenses in the amount of $144,498.00. The documentation submitted with class counsel's motion for attorney's fees is inadequate because it does not enable the Court to determine whether the request is reasonable. For example, the declarations of Ryan M. Kelly and Willem F. Jonckheer list all individuals who billed time to this matter, their rates, and their sum total of hours spent on each categorical task but provide no additional information. Likewise, the declarations list expenses related to this litigation, for which class counsel now seek reimbursement, in addition to attorney's fees. Class counsel must provide an itemized accounting for unreimbursed expenses listed as "Travel" and "Expert Witness Fees." Travel must be broken down into at least the following categories: air transportation, ground travel, meals, and lodging. Class counsel may include additional categories, if necessary. Within each category, each expense must be listed, including date, description, and cost. Professional fees may be broken down into separate categories if counsel deems appropriate. The date, description, and cost for each expense incurred, such as the fee paid to an expert to produce an expert report on a specific issue, must be listed for all professional fees. A declaration including this information must be filed by **SEPTEMBER 10 AT NOON**.

Also by **SEPTEMBER 10 AT NOON**, class counsel must file and serve a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | Project Total: | | 23.5 | | $4350 |

All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

2

A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

The Court needs this information to compute the proper lodestar even though counsel are seeking a percentage of the class recovery. A special master may also be appointed to determine the proper lodestar.

**IT IS SO ORDERED.**

Dated: August 27, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE