1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN C. ETTER, individually and on behalf of
all others similarly situated,

        Plaintiff,

  v.

ALLSTATE INSURANCE COMPANY, *et al.*,

        Defendants.

_____/

No. C 17-00184 WHA

**ORDER RE MOTIONS
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
AND ATTORNEY'S FEES**

## INTRODUCTION

In this TCPA class action, plaintiff moves for final approval of a proposed settlement agreement and for attorney's fees and expenses. Defendants do not oppose. For the reasons stated below, the motion for final approval of class settlement is **GRANTED**. The motion for attorney's fees and expenses is **GRANTED IN PART**.

## STATEMENT

Prior orders set forth the detailed background of this case (*see, e.g.*, Dkt. No. 73). In short, this is a class action by plaintiff John Etter against defendants Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Allstate Northbrook Indemnity Company, Allstate Insurance Company of California (collectively, "Allstate"), and Louis Odiase, an Allstate insurance agent. Etter asserted a single claim for violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, based on allegations that defendants sent a single unsolicited facsimile advertisement to Etter on October 11, 2016, without his prior invitation or permission

and without the legally-required opt-out notice language. Odiase works as an independent contractor for Allstate and sent fax advertisements using fax broadcasters.

A December 2017 order certified the following class relating to the October 11, 2016 fax (Dkt. No. 73):

**Class B:**

> All persons or entities successfully sent a facsimile on or about October 11, 2016, stating, "potentially save **40–60%** off your Commercial auto insurance," "fill out the form below" and "FAX YOUR REQUEST TO: 510-234-0518, TEL 510-234-0516, OR EMAIL: A026315@ALLSTATE.COM," and "If you wish to be removed from our Fax list, please call 888-828-3086."

A May 2018 order granted plaintiff's motion for preliminary approval of a proposed class settlement. That order also advised that both the requested attorney's fees and incentive award were subject to reduction at the final approval stage. A June 2018 order approved, as to form and content, a notice concerning the class settlement agreement and final approval hearing. The settlement administrator both mailed and faxed notice of the proposed class settlement and fee request to 15,276 class members — successfully transmitting the notice to 96 percent of the class by mail and 90 percent by fax — and posted all relevant documents on a website. Ten members requested to opt out and *no* class member has objected to either the settlement or requested fees (Dkt. Nos. 136, 138, 150-1 ¶¶ 6, 8, 11, 16, 17).

Plaintiff now moves for final approval of the proposed settlement of $6,533,250 and for attorney's fees. In the latter motion, class counsel seek $1,959,975 in attorney's fees (comprising 30 percent of the gross settlement fund), $144,498 in unreimbursed expenses, and an incentive award in the amount of $7,500. Defendants do not oppose. This order follows full briefing and oral argument (Dkt. Nos. 133, 139, 150, 150-1 ¶ 7).

**ANALYSIS**

**1. FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

Under FRCP 23(e), court approval is required for any settlement agreement that will bind absent class members. When a proposed settlement agreement is presented, the district court must perform two tasks: (1) direct notice in a reasonable manner to all class members

1    who would be bound by the proposal, and (2) approve the settlement only after a hearing and on

2    finding that the terms of the agreement are fair, reasonable, and adequate.  FRCP 23(e)(1)–(2).

3                        **A.    Adequacy of Notice.**

4         The notice must be "reasonably calculated, under all the circumstances, to apprise

5    interested parties of the pendency of the action and afford them an opportunity to present their

6    objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations

7    omitted).  It must also describe "the terms of the settlement in sufficient detail to alert those

8    with adverse viewpoints to investigate and to come forward and be heard."  *Mendoza v. Tucson*

9    *Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980).  The undersigned judge previously

10   approved the form, content, and planned distribution of the class notice (Dkt. No. 138).  As

11   described above, the claims administrator has fulfilled the notice plan.  This order accordingly

12   finds that notice to class members was adequate.

13                   **B.    Fairness, Reasonableness, and Adequacy of Proposed Settlement.**

14        A district court may approve a proposed class settlement only upon finding that it is fair,

15   reasonable, and adequate, taking into account (1) the strength of the plaintiffs' case; (2) the risk,

16   expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class

17   action status throughout the trial; (4) the amount offered in settlement; (5) the extent of

18   discovery completed and the stage of the proceedings; (6) the experience and view of counsel;

19   (7) the presence of a governmental participant; and (8) the reaction of the class members to the

20   proposed settlement.  FRCP 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944

21   (9th Cir. 2015).  Two of the factors are inapplicable here because the class has been and remains

22   certified and there is no governmental participant in this case.  For the following reasons and for

23   the reasons stated in the May 2018 order (Dkt. No. 136), this order finds that the proposed class

24   settlement is fair, reasonable, and adequate under FRCP 23(e).

25        *First*, plaintiff admits that he faced a number of risks.  Although he contends that the

26   case against Odiase appeared strong, plaintiff concedes that the case against Allstate was much

27   weaker, as Allstate did not order and did not know about the fax advertisements, and thus there

28   was substantial risk that Allstate would prevail at summary judgment (Dkt. No. 150 at 5).

Specifically, Allstate forcefully argued that it was not a "sender" of the faxes at issue, as (1) its policies specifically proscribed agents from sending fax advertisements without prior consent from the recipients; (2) the faxes did not advertise its "goods or services"; and (3) even if the faxes did advertise its "goods or services," that alone was insufficient to hold Allstate liable as a "sender," despite the plain language of the statute (*ibid.*). Against these genuine risks, the $6,533,250 gross settlement fund offers an immediate and certain award for the class.

Moreover, the parties reached class settlement after a year of litigation, which included substantial motion practice, class certification, and extensive discovery. At the time of settlement, plaintiff achieved class certification of the aforementioned class, served several sets of interrogatories, requests for admission, and requests for document production, answered ten sets of written discovery, took sixteen depositions, fully briefed cross-motions for summary judgment, and participated in two mediation sessions before Judge Jacqueline Corley (*id.* at 3, 10). The stage of litigation and the extent of discovery conducted indicate that plaintiff had enough information and familiarity with the case to make an informed decision. They also demonstrate that the risk, expense, and complexity of further litigation were not insubstantial.

*Second*, the settlement terms are fair, reasonable, and adequate. As stated, the proposed settlement agreement establishes a gross non-reversionary settlement fund of $6,533,250 (Dkt. No. 134-1 at 2). The recovered settlement amounts to a gross recovery of $375 per fax, per class member (Dkt. No. 150 at 2), which represents 75 percent of the $500 statutory maximum recovery. The release is limited to the specific fax at issue (dated October 11, 2016) in this case (Dkt. No. 134-1 ¶ 15(A)). Class counsel are experienced in TCPA and other complex class action litigation and believe this is an excellent settlement for the class (as does plaintiff) (Dkt. No. 150 at 11).

The settlement administrator sent notice by both fax and mail to 15,276 class members and successfully transmitted the notice to 96 percent of the class by mail and 90 percent by fax (Dkt. No. 150-1 ¶¶ 8, 11, 16). For returned mail notices, the administrator re-mailed said notices to updated addresses located either by forwarding information notices or additional searches (*id.* ¶ 15). The administrator also created a website through which class members

could view the notice (including a Spanish-language version), complaint, settlement agreement, preliminary approval orders, and motion for attorney's fees, reimbursement of reasonable expenses, and service award (*id*. ¶¶ 17–18). No class member has objected to the settlement or requested fees (Dkt. No. 150 at 3). The absence of objections from class members further supports the reasonableness and fairness of the settlement terms.

*Third*, the plan of allocation of settlement proceeds is also fair and reasonable. The net proceeds will be apportioned to the class according to the number of faxes successfully sent to each member (*id*. at 10). All net settlement proceeds will be distributed automatically to class members at their updated addresses without requiring members to submit claims (*id*. at 2). Any remaining net settlement funds after the initial distribution will be redistributed to all participating class members (*ibid*.). If further distribution to the class is not economically viable (*i.e.*, the amounts involved are too small to make individual distributions economically viable), then the remaining funds will be distributed to a *cy pres* recipient (*id*. at 3).[1]

In short, having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval. Accordingly, final approval of the proposed class settlement and plan of allocation is **GRANTED**.

**2. MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARD.**

**A. Expenses.**

Class counsel seek to recover from the settlement fund of $144,498 in litigation expenses. The largest component of these expenses are administration fees in connection with class notice. The second largest component is the cost of transportation, hotels, and meals. Counsel also seek reimbursement for, among other things, expert witness fees, filing fees, transcript fees, and *pro hac vice* fees (Dkt. No. 139-1 ¶ 35). These expenses were a reasonable and necessary part of the litigation and are of the type customarily billed to a fee-paying client.

---

[1] Section 3.07 of the Restatement of the Law of Aggregate Litigation provides that if a redistribution cannot be made, remaining funds should be distributed to a *cy pres* recipient "whose interests reasonably approximate those being pursued by the class." Plaintiff has proposed National Consumer Law Center as the *cy pres* recipient. Defendants have proposed the Consumer Federation of America (which has lobbied Congress and the FCC on TCPA-related issues) as the *cy pres* recipient (Dkt. No. 131 at 5). This recipient will be decided later.

No class member objected to recovery of these costs. The motion for reimbursement of these costs is **GRANTED**.

### B. Incentive Award.

Plaintiff requests $7,500 as an incentive award. As stated, defendants do not oppose this request. Plaintiff states that he and his staff worked closely with class counsel throughout the litigation, including answering ten sets of written discovery, producing documents, preparing for their depositions, and attending one of the two settlement conferences (Dkt. No. 139-7 ¶¶ 3–10). As cautioned in the undersigned's "Notice Regarding Factors to be Evaluated for Any Proposed Class Settlement," "[a] request for an incentive payment is a red flag" (Dkt. No. 25 at 5). Incentive awards pose the risk that a class representative has gone along with a settlement, not because it secures a good outcome for the class, but simply for the incentive award. Such awards should therefore be subject to careful scrutiny.

In light of the foregoing, plaintiff's request for an incentive award is **GRANTED IN PART**. This order agrees that an incentive award is appropriate here in recognition of plaintiff's service but reduces the amount to **FIVE HUNDRED DOLLARS**.

### C. Attorney's Fees.

A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). "In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Our court of appeals has recognized 25 percent of the common fund as a benchmark award for attorney's fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

As stated, class counsel seek $1,959,975 — or 30 percent of the gross settlement fund. Counsel argue that the percentage method should be applied in the instant motion. This order notes at the outset that the requested 30 percent of the gross settlement fund is above the 25 percent benchmark set forth by our court of appeals. *See ibid*. Moreover, the undersigned judge finds application of the lodestar method is appropriate under the circumstances. This

6

permits an examination of class counsel's lodestar figure and also allows for adjustment by an appropriate multiplier "reflecting a host of 'reasonableness' factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011).

Class counsel logged (an adjusted) 1,356.67 hours for work done on this case — 1,245.45 hours billed by Anderson + Wanca and 111.22 hours billed by Schubert Jonckheer & Kolbe LLP (Dkt. Nos. 139-1 ¶ 36; 139-5 ¶ 6). The adjusted lodestar is $766,027.75 (*see* Dkt. Nos. 142 ¶ 25; 144 ¶ 19). Lead class counsel Anderson + Wanca's rates for attorneys range from $600 to $700 per hour (Dkt. No. 142 ¶ 21).[2] Class counsel Schubert Jonckheer & Kolbe LLP's rates for attorneys and staff range from $200 per hour (paralegal) to $950 (partner) (Dkt. No. 144 ¶ 19). These rates are acceptable.

This order, however, excludes the following entries from class counsel's lodestar because the reasonableness of each entry is inadequately supported by its description (Dkt. Nos. 142-1at 1–4, 12–19, 22, 28–30, 34):

- •   $7,575 for "Case Initiation and Complaint" billed by Brian Wanca (owner) and Ryan Kelly (counsel).

- •   $4,500 for "Attorney Admissions Process" billed by Ryan Kelly (counsel).

- •   $124,350 for various travel times in connection with "Initial Case Management and Rule 16 Conference," "Discovery – Plaintiff Responses," various depositions, "Motion for Class Certification," "Settlement/Mediation," and "Motion for Preliminary Approval" billed by Ryan Kelly (counsel), Ross Good (counsel), and Brian Wanca (owner).

Excluding the aforementioned entries reduces class counsel's lodestar of $766,027.75 to $629,602.75. Accepting this lodestar figure, the $1,959,975 requested fee represents a multiplier of 3.11. This multiplier is too high. For the reasons stated below, a multiplier of 2.53 is appropriate.

---

[2]   Anderson + Wanca eliminated all time billed by staff (Dkt. No. 142 ¶ 21).

Cross-motions for summary judgment were fully briefed and set to be heard before they were held in abeyance pending the filing of the motion for preliminary approval of this settlement (*see* Dkt. Nos. 118–28, 130). Class counsel answered ten sets of written discovery, took or defended sixteen depositions nationwide, reviewed 4,344 pages of documents, reviewed 15,395 recorded telephone calls made to plaintiff's business, and issued three out-of-district subpoenas on third parties (Dkt. Nos. 139-1 ¶¶ 30–31). Counsel worked on a contingent-fee basis despite risks of litigation, which were substantial in this case — Allstate has yet to be held vicariously liable for its independent contractor agent's actions involving TCPA junk faxing, particularly where Allstate had a written policy prohibiting its agents from sending junk faxes (*id.* ¶ 28). Moreover, the gross settlement award obtained by class counsel represents a sizeable 75 percent recovery of the ordinary statutory damage under the TCPA, *i.e.*, $375 per fax. All of these factors strongly weigh in favor of awarding more than the lodestar.

Class counsel's requested fee, however, would significantly reduce the net recovery to $254 per fax. Thus a multiplier of 2.53 — and a resulting award of $1,592,894.96 (representing about 25 percent of the *net* settlement fund) — is more appropriate.

Accordingly, class counsel's motion for attorney's fees is **GRANTED IN PART**. This order awards **$1,592,894.96** in attorney's fees — half of which is to be paid now and the other half to be paid after all funds have been properly distributed.

## CONCLUSION

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement, the manner in which class members could object to or participate in the settlement, and the manner in which class members could opt out of the class; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval. Accordingly, the

undersigned hereby determines that all class members who did not exclude themselves from the settlement by filing a timely request for exclusion are bound by this settlement order.

2.      The undersigned also finds that the proposed class settlement is fair, reasonable, and adequate as to the class, plaintiff, and defendants; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and fully complies with all applicable provisions of law.  The settlement is therefore approved.

3.      Having considered class counsel's motion for attorney's fees, reimbursement of expenses, and an incentive award, the undersigned hereby awards class counsel attorney's fees of $1,592,894.96.  Half of this amount shall be paid after the "effective date" as defined in the settlement agreement.  The other half shall be paid when class counsel certify that all funds have been properly distributed and the file can be completely closed.

4.      Class counsel shall also receive $144,498 as reimbursement for their litigation expenses, to be paid from the settlement fund.

5.      Plaintiff shall receive five hundred dollars as an incentive award, to be paid from the settlement fund.

**IT IS SO ORDERED.**

Dated:  November 4, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE