# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. ETTER, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE NORTH BROOK INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY OF CALIFORNIA, LOUIS ODIASE and JOHN DOES 1-5,<br><br>Defendants. | Case No. 3:17-cv-00184-WHA<br><br>[PROPOSED] JUDGMENT IN A CIVIL ACTION<br><br>Honorable William Alsup |

This matter came before the Court on October 25, 2018 for final approval of the settlement. Full and adequate notice having been given to the Class as required in the Court's Order Granting Preliminary Approval of Class Settlement dated May 30, 2018 (Doc. 136), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the litigation and over all parties to the litigation, including all Class members.

2. The Court finds that the distribution of the Notice complied with the terms of the Settlement Agreement and the prior Order of the Court and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the

[Proposed] Judgment In A Civil Action
Case No. 3:17-cv-00184-WHA

proposed settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23; due process; and any other applicable law.

3. In light of the benefits to the Class members, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, the risks and costs of continued litigation, and other reasons set forth in the Plaintiff's Motion for Final Approval, the Court hereby approves the settlement set forth in the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23 and finds that:

    (a) the Settlement Agreement and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class members;

    (b) there was no collusion between or among the Parties in reaching the agreement set forth in the Settlement Agreement;

    (c) the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel and with the assistance of Magistrate Judge Jacqueline Scott Corley; and

    (d) the record is sufficiently developed and complete to have enabled the Parties to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.

4. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the settlement notice provided to the Class members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

5. The Court finds that the distribution by fax and mail and publication of the Notice on the Settlement website (in English and Spanish) to Class members: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Class members of the settlement, the effect of the settlement (including the releases therein), and their right to object to the terms of the settlement (and appear at the Final Approval Hearing); (iii) constituted due and sufficient notice of the settlement to all reasonably identifiable persons entitled to receive such notice; and (iv) satisfied the requirements of due process, Rule 23(e)(1) of

the Federal Rules of Civil Procedure, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.

  6. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the settlement notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

  7. No members of the Class filed objections to the settlement.

  8. Ten (10) members of the Class previously requested exclusion from the Class. These 10 persons or entities are listed on Exhibit 1. (Dkt. No. 156-1)

  9. The members of the Class who are bound by the terms of the Settlement are listed on Exhibit 2. (Dkt. No. 156-1)

  10. After due consideration of, among other things, the benefits to the Class members and the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense, and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; and (f) all written submissions, declarations and arguments of counsel; and, after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable, and in the best interests of the Class. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this settlement should be and is APPROVED and shall be consummated in accordance with the terms and provisions of the Settlement Agreement and shall govern all issues regarding the settlement and all rights of the parties, including the Class members. Each Class member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

[Proposed] Judgment In A Civil Action
Case No. 3:17-cv-00184-WHA

11. Defendants have agreed to pay the total amount of $6,533,250.00 to pay Class members, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive/service award to Plaintiff as determined and awarded by this Court. Funds remaining from any uncashed checks shall be retained by the Settlement Administrator and redistributed to the other Class members on a pro rata basis or, if not economically feasible to redistribute, paid to a *cy pres* beneficiary pursuant to an order of this Court.

12. As agreed in and subject to the Settlement Agreement, each member of the Class will be mailed a check in the amount of $375.00 per fax, subject to a *pro rata* reduction for the payment of incentive award, attorneys' fees and expenses, and administrative costs. The Settlement Administrator will cause those checks to be mailed after receiving the settlement funds. Checks issued to the Class members will be void 91 days after issuance.

13. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

14. Upon payment of all monies due pursuant to the Settlement Agreement, all claims or causes of action of any kind by any Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are forever barred pursuant to the Releases set forth in the Settlement Agreement and the Court's Final Approval Order and incorporated herein. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants and the Released Parties in this Court or any other court or forum.

14

15. Notwithstanding Paragraph ~~15~~ above, nothing herein shall bar any action by the parties to enforce or effectuate the settlement.

[Proposed] Judgment In A Civil Action
Case No. 3:17-cv-00184-WHA

16. The Settlement Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by any of the Released Parties, nor shall the Settlement Agreement, or any part thereof, be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by any of the Released Parties, except that nothing in this Paragraph shall affect the admissibility of the Settlement Agreement, or any of their terms, in any action or proceeding to effectuate the terms of this settlement.

17. A separate order shall be entered regarding Class Counsel's petition for attorney's fees and expenses and for plaintiff's incentive/service award. Such orders shall not disturb or affect any of the terms of this Order.

18. This action, including all claims against Defendants concerning the fax advertisements sent on October 11, 2016, is hereby dismissed with prejudice and without taxable costs to any party.

19. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

20. The Court sets a ~~status~~ *deadline for a status report* on accounting for the monies distributed to the Class and to determine how the remaining funds are to be distributed on  *February 4*  ~~<6 months>~~ , 2019.

21. ~~There is no just reason to delay enforcement or appeal.~~

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated:  November 4, 2018.



*IT IS SO ORDERED AS MODIFIED*
*Judge William Alsup*

~~[Proposed]~~ Judgment In A Civil Action
Case No. 3:17-cv-00184-WHA